UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 4:18 CR 771 RWS |
| WILTON FORTSON, | ) ) ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

Defendant Wilton Fortson has filed a motion for a sentence reduction pursuant to United States Sentencing Guidelines Amendment 821. Fortson is incarcerated at the Federal Bureau of Prisons facility in FCI Pekin, Pekin, IL. Although Fortson is eligible for a sentence reduction, his sentence will not be reduced because he negotiated a plea agreement which recommended a sentence of 120 months which was imposed in this matter. As a result, I will deny his motion.

On November 27, 2019, Fortson entered a guilty plea, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(A), to aiding and abetting false statement in connection with acquisition of firearm from a licensed dealer, in violation of 18 U.S.C. § 922(a)(6) and 18 U.S.C. § 924(a)(2). The United States and Fortson entered a plea agreement which recommended a 120-month sentence. In exchange for his guilty plea the United States agreed to dismiss the charge of felon in possession, in

violation of 18 U.S.C. § 922(g)(1).  At the time of the instant offense, Fortson was under supervised release in Case No. 4:09-CR-499.

A Presentence Investigation Report was prepared in this case that calculated Fortson's subtotal criminal history score to be a 16.  Three points were subtracted for Fortson's acceptance of responsibility.  As a result, Fortson's criminal history category was a IV.  Fortson's total offence level was a 13 and his criminal history category was a IV, which resulted in a guidelines sentence range of 24-30 months

On April 16, 2021, I adopted the Presentence Investigation Report and sentenced Fortson to 120-months imprisonment, his bargained for sentence. Fortson's sentence was not based on guideline sentencing ranges, but the parties' recommended sentence.

Fortson's present motion seeks a reduced sentence under Amendment 821 of the U.S.S.G.  A court may modify a previously imposed term of imprisonment if the defendant's sentencing range has subsequently been lowered by the United States Sentencing Commission. 18 U.S.C. § 3582(c)(2).  A defendant bears the burden of proving he is eligible for a downward adjustment under the Sentencing Guidelines. *United States v. Beridon*, 43 F.4th 882, 885 (8th Cir. 2022).  Any such reduction must be both "consistent with applicable policy statements issued by the Sentencing Commission" and appropriate in light of the "factors set forth in section 3553(a)." 18 U.S.C. § 3582(c)(2).

In Amendment 821, the Commission amended two sections of the Guidelines and specified that these amendments should be applied retroactively. U.S.S.G. § 1B1.10(a)(2), (d). The first change limits the impact of § 4A1.1 "status points," which are criminal-history points added when the defendant committed his offense while under another criminal sentence. U.S.S.G. § 1B1.10 cmt. 7.

Amendment 821 also amended § 4C.1.1 by "provid[ing] a decrease of two levels from the [otherwise applicable total] offense level" for defendants with zero criminal history points who meet other criteria. U.S.S.G. § 1B1.10 cmt. 7.

Fortson has moved for a reduced sentence based on the change of his "status points" under the Amendment. Fortson received 2 additional status points in his criminal history calculation pursuant to § 4A1.1(d) for committing the instant offense while under another criminal justice sentence. Under the terms of Amendment 821, § 4A1.1(d) has been amended and now only imposes an additional 1 point where the defendant has 7 or more criminal history points and committed the instant offense while under any criminal justice sentence. § 4A1.1(e).

Applying the Amendment, Fortson has 6 criminal history points which reduces his criminal history category from a IV to a III. Forson's total offence level is a 13 and his criminal history category would now be a IV which results in a guidelines sentence range of 18 to 24 months. Fortson requests that I recalculate his upward variance using the new guideline calculation under Amendment 821 and

3

impose an amended sentence of 96 months.

Plaintiff United States opposes the motion. It asserts that a reduced sentence is not warranted under section 3553(a). The United States argues that Fortson received his bargained for benefit. In the plea agreement the parties recommended a 120-month prison term. In exchange, the United States agreed to dismiss the charge of felon in possession. If Fortson had been convicted of both charges, he would have subject to a 15-year mandatory-minimum sentence under the Armed Career Criminal Act, 18 U.S.C. § 924(e)(1). The United States argues that Fortson received the benefit of his bargain and that it would not have agreed to recommend a 120-month sentence and dismiss the felon in possession charge if Fortson could get a reduced sentence in the future.[1] Moreover, the United States points out that Fortson committed the present offence while under supervised release.[2] Finally, the United States notes that Fortson's probation report identifies nine violations while he was in the Bureau of Prisons. The United States asserts that Fortson's motion for a sentence reduction should be denied.

I find that the circumstances of Fortson committing the instant offense while under a criminal justice sentence, his bargained for sentence of 120-months, and the

---

[1] The United States notes that Fortson has previous convictions for arson, first-degree robbery, and assaulting an inmate and correctional officer.

[2] This case was part of a sentencing package where the Court ordered the sentence to be served concurrently to the 20-month term of supervised release revocation in Case No. 4:09-CR-499.

section 3553(a)(1) factors of the nature and circumstances of the offense and history and characteristics of the defendant weigh in favor of denying Fortson's motion for a reduction of sentence.

As a result, I will deny Fortson's motion for a sentence reduction based on Amendment 821.

Accordingly,

**IT IS HEREBY ORDERED that** Defendant Wilton Fortson's motions for a sentence reduction pursuant to Amendment 821 [74, 77] are **DENIED**.

_____
RODNEY W. SIPPEL
UNITED STATE DISTRICT JUDGE

Dated this 8th day of January 2025.